IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PAIGE CASEY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MINUTE CLINIC DIAGNOSTIC OF VIRGINIA, LLC, et al.**<br><br>**Defendants.** | Case No. 1:22-cv-01127-TSE-WEF |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants MinuteClinic Diagnostic of Virginia, LLC ("MinuteClinic") and CVS Health Corporation (improperly pleaded as "CVS Health, Inc.") ("Defendants"), by and through undersigned counsel, hereby answer the Verified Complaint of Plaintiff Paige Casey ("Complaint"), and state as follows:

### AS FOR "INTRODUCTION"

Defendants admit that MinuteClinic employed Paige Casey as a nurse practitioner from on or about September 4, 2018 through on or about April 1, 2022 and deny the remaining allegations in the "Introduction."

### AS FOR "JURISDICTION AND VENUE"

1. The allegations of paragraph 1 of the Complaint have been rendered moot by removal of this matter to the United States District Court for the Eastern District of Virginia. Further responding, Defendants state that this Court has personal and subject matter jurisdiction as set forth in Defendants' Notice of Removal.

2. The allegations of paragraph 2 of the Complaint have been rendered moot by removal of this matter to the United States District Court for the Eastern District of Virginia.

3. The allegations of paragraph 3 of the Complaint have been rendered moot by removal of this matter to the United States District Court for the Eastern District of Virginia. Further responding, Defendants state that venue is proper in this Court as stated in the Defendants' Notice of Removal.

## AS FOR "PARTIES"

4. Defendants admit the truth of the allegations in paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff was licensed to practice as a nurse practitioner in Virginia from in or about September 2018 through in or about April 2022. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except to state that Plaintiff's application stated that she received a Master of Science in Nursing from Virginia Commonwealth University.

7. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendants admit the truth of the allegations in paragraph 10 of the Complaint.

11. Defendants deny the truth of the allegations in paragraph 11 of the Complaint. Further responding, Defendants state that Defendant MinuteClinic Diagnostic of Virginia LLC is

a wholly owned subsidiary of MinuteClinic, L.L.C., which in turn, is indirectly owned by CVS Health Corporation.

12. Defendants admit the truth of the allegations in paragraph 12 of the Complaint.

## AS FOR "FACTUAL ALLEGATIONS"

13. Defendants admit that MinuteClinic offered Plaintiff a job as a nurse practitioner in the stated location in or about June 2018.

14. Defendants deny the truth of the allegations in paragraph 14 of the Complaint and further state that "23 – Northern VA Suburbs" refers to Fairfax County, although occasionally providers in Region 23 can cover locations in Prince William County if there is a shift need.

15. Defendants deny the truth of the allegations in paragraph 15 and further state that company records indicate that Plaintiff accepted the job offer on or about July 17, 2018.

16. Defendants admit the truth of the allegations in paragraph 16 of the Complaint but further state that Plaintiff was rarely asked to work at a location other than Del Ray #1410.

17. Defendants admit the truth of the allegations in paragraph 17 of the Complaint that Plaintiff's job responsibilities "included" but were not limited to those listed in subparagraphs 1 through 4.

18. Defendants deny the truth of the allegations in paragraph 18 of the Complaint and further state that Plaintiff stated that she could not provide services relating to contraceptives.

19. Defendants admit that Plaintiff was asked to provide a form requesting a religious accommodation.

20. Defendants admit the truth of the allegations in paragraph 20 of the Complaint.

21. Defendants deny the truth of the allegations in paragraph 21 of the Complaint to the extent that Plaintiff did not mention "abortion" in the form. Defendants deny the truth of any remaining allegations to the extent same contradict or are inconsistent with the February 26, 2019

"Request for Religious Belief or Practice Accommodation" form, which document speaks for itself.

22. Defendants admit that, as of March 22, 2019, MinuteClinic formally granted Plaintiff's request for accommodation such that Plaintiff would not have "to participate in the fertility related care of any patient requesting any form of contraception or fertility limiting device." Defendants deny the truth of the remaining allegations in paragraph 22 of the Complaint.

23. Defendants deny the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants state that Plaintiff consistently met expectations in her performance and had no known performance deficiencies during her employment. Defendants deny the truth of the remaining allegations in paragraph 24 of the Complaint.

25. Defendants admit that MinuteClinic held a Town Hall meeting by webcast on August 26, 2021, addressing certain changes to the essential functions of the provider and nurse practitioner roles. Defendants deny the truth of the remaining allegations in paragraph 25 of the Complaint.

26. Defendants admit that the CVS Advice & Counsel Reasonable Accommodation Team sent Plaintiff a letter dated December 6, 2021 acknowledging her current request for accommodation and asked her for more information. Defendants deny the truth of the remaining allegations in paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff submitted a completed "Request for Religious Belief, Practice or Observation Accommodation" form dated December 19, 2021 along with a typewritten letter dated December 19, 2021. Defendants deny the truth of the remaining allegations in paragraph 27 to the extent same contradict or are inconsistent with the actual contents of that form or letter, which documents speak for themselves.

28. Defendants admit that Plaintiff submitted a December 19, 2021 letter, which document speaks for itself. Defendants deny the truth of the allegations in paragraph 28 to the extent same contradict or are inconsistent with the actual contents of that letter.

29. Defendants admit that Plaintiff was sent a January 18, 2022 letter responding to her request for accommodation. Defendants deny the truth of the allegations in Paragraph 29 of the Complaint to the extent same contradict or are inconsistent with the actual contents of the January 18, 2022 letter, which document speaks for itself.

30. Defendants admit that a Webex meeting was held on or about March 4, 2022 among Plaintiff, Blen "Billie" Abdi, Natalie Lickteig, and Virginia Grasso in which Ms. Abdi, Ms. Lickteig and Ms. Grasso reiterated that if Plaintiff was unwilling to perform all of the essential functions of her job – including the provision of contraceptive care and fertility related services – she would not be able to work as a nurse practitioner at MinuteClinic. Defendants deny the truth of any remaining allegations in paragraph 30 of the Complaint.

31. Defendants admit that Plaintiff and Ms. Abdi spoke by phone late in the evening on March 25, 2022, and Ms. Abdi reiterated that if Plaintiff was unwilling to perform the essential functions of the job – including the provision of contraceptive care and fertility services – that she could not work as a nurse practitioner at MinuteClinic, or words to that effect.

32. Defendants admit that Plaintiff and Ms. Abdi spoke by phone late in the evening on March 25, 2022, and Ms. Abdi reiterated that if Plaintiff was unwilling to perform the essential functions of the job – including the provision of contraceptive care and fertility services – that she could not work as a nurse practitioner at MinuteClinic, or words to that effect.

33. Defendants admit the truth of the allegations in paragraph 33 of the Complaint.

34. Defendants admit that Plaintiff sent an email to Ms. Abdi, Ms. Lickteig, and Ms. Grasso on March 29, 2022, the contents of which speak for itself. Defendants deny the truth of

the allegations in paragraph 34 of the Complaint to the extent same contradict or are inconsistent with the content of that email.

35. Defendants admit that Ms. Lickteig sent Plaintiff an email response on March 29, 2022. Defendants deny the truth of the remaining allegations in paragraph 35 of the Complaint to the extent same contradict or are inconsistent with the contents of Ms. Lickteig's email, which document speaks for itself.

36. Defendants admit that MinuteClinic notified Plaintiff of her separation effective April 1, 2022. Defendants deny the truth of the remaining allegations in paragraph 36 of the Complaint.

## AS FOR "LEGAL ALLEGATIONS"

37. Defendants need not respond to paragraph 37 of the Complaint inasmuch as it merely purports to recite the language of a Virginia statute, which provision speaks for itself.

## AS FOR "COUNT I"

**(Alleged Violation of Plaintiff's Freedom of Conscience, Va. Code § 18.2-75)**

38. Defendants repeat and reallege its answers to paragraphs 1 through 37 of the Complaint as if fully set forth at length herein.

39. Defendants admit the truth of the allegations in paragraph 39 of the Complaint.

40. Defendants admit that on and after December 19, 2021, Plaintiff sought an accommodation from having to provide contraceptive care to MinuteClinic patients including the prescribing of hormonal contraceptives, which Plaintiff erroneously claimed "can operate to cause an abortion."

41. Defendants deny the truth of the allegations in paragraph 41 of the Complaint and further state that Plaintiff's employment was separated solely because of her refusal to perform all

of the essential functions of her job as nurse practitioner, which included the provision of fertility-related services and contraceptive care including the prescribing of hormonal contraceptives.

42. Defendants need not respond to paragraph 42 of the Complaint inasmuch as it merely purports to summarize the language of a Virginia statute, which provision speaks for itself.

43. Defendants admit that Plaintiff was a medical professional, but they deny that Plaintiff is a member of the class protected by the Virginia Conscience Clause inasmuch as the prescribing of hormonal contraceptives would not have resulted in Plaintiff participating in any procedure that would result in abortion.

44. Defendants deny the truth of the allegations in paragraph 44 of the Complaint.

45. Defendants deny the truth of the allegations in paragraph 45 of the Complaint.

## AS FOR "PRAYER FOR RELIEF"

WHEREFORE, Defendants demand judgment denying all relief requested by Plaintiff, dismissing the Complaint with prejudice, awarding Defendants costs of suit and reasonable attorneys' fees, and granting such other legal and/or equitable relief as the Court deems just and proper.

## GENERAL DENIAL

To the extent that any allegation in the Complaint is not expressly admitted, it is denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she failed to comply with administrative and statutory pre-requisites, limitations, and conditions precedent to suit, and/or otherwise failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Any and all job actions, conduct, and omissions taken by the Defendants against the Plaintiff were undertaken in good faith and for legitimate, non-discriminatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

Even assuming arguendo that Defendants had a discriminatory motive – which they did not – Plaintiff cannot recover because the Defendants would have made the same decisions even in the absence of a discriminatory motive.

### FIFTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff were the result of conditions that were unrelated to any conduct or omission by Defendants and were caused by actions or omissions of third parties over whom Defendants had no control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's demand for damages is precluded in whole or in part because she failed to mitigate her alleged damages or otherwise to attempt to avoid the consequences of Defendants' alleged wrongful conduct.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of equitable, collateral and/or judicial estoppel to the extent she made or will make any inconsistent or contrary statements during other legal proceedings.

EIGHTH AFFIRMATIVE DEFENSE

Pursuant to the "after-acquired evidence" doctrine, to the extent Plaintiff engaged in misconduct during her employment that would have resulted in her termination had the Defendants been aware of said misconduct, any lost wage damages Plaintiff claims herein must cease as of the date the Defendants learned of such misconduct.

NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendants' alleged actions were not intentional, willful or reckless, and were taken in a good faith attempt to comply with the law.

TENTH AFFIRMATIVE DEFENSE

To the extent it seeks punitive damages that would be excessive, Plaintiff's Complaint violates Defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the State constitution.

WHEREFORE, Defendants demand judgment denying all relief requested by Plaintiff, dismissing the Complaint with prejudice, awarding Defendants costs of suit and reasonable attorneys' fees, and granting such other legal and/or equitable relief as the Court deems just and proper.

DATED:  January 19, 2023            Respectfully submitted,

                                                                          */s/ Meredith L. Schramm-Strosser*
Meredith L. Schramm-Strosser (Va. Bar No. 87984)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW, Suite 400
Washington, D.C. 20006

Phone: (202) 842-3400
Fax: (202) 842-0011
Email: MSchramm-Strosser@littler.com

Richard M. DeAgazio, Esquire (*pro hac vice*)
LITTLER MENDELSON, P.C.
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, NJ 07102
Phone: (973) 848-4733
Fax: (973) 556-1620
Email: RDeAgazio@littler.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of January, 2023, a true and correct copy of the foregoing ***Defendants' Answer and Affirmative Defenses*** was filed via ECF, which caused a copy to be served upon the following Plaintiff's counsel of record as follows:

Kevin H. Theriot (VA Bar No. 38324)
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
ktheriot@ADFlegal.org

-and-

Denise M. Harle (GA Bar No. 176758)
Alliance Defending Freedom
1000 Hurricane Shoals Rd., NE, D1100
Lawrenceville, GA 30043
dharle@ADFlegal.org

*Attorneys for Plaintiff*

    */s/ Meredith L. Schramm-Strosser*
Meredith L. Schramm-Strosser (Va. Bar No. 87984)