IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAIGE CASEY, *Plaintiff*, v. MINUTE CLINIC DIAGNOSTIC OF VIRGINIA, LLC; CVS HEALTH CORP., *Defendants*. | Case No. 1:22-cv-01127-PTG-WEF |

## AMENDED VERIFIED COMPLAINT

Plaintiff, PAIGE CASEY, for her Verified Amended Complaint states as follows:

### INTRODUCTION

Defendants, MinuteClinic Diagnostic of Virginia, LLC, and CVS Health Corporation (collectively "CVS"), employed Paige Casey as a nurse practitioner from 2018 to 2022. For the first three years, CVS accommodated Mrs. Casey's religious convictions against prescribing or facilitating the use of contraceptives and abortion-causing drugs or devices. Despite no complaints or incidents resulting from that accommodation, CVS abruptly stopped respecting Mrs. Casey's religious beliefs, rescinded her reasonable religious accommodation, and fired her on April 1, 2022. CVS's wrongful discharge of Mrs. Casey was solely based on her moral and religious convictions, which prevented her from prescribing or administering contraceptives and abortion-causing drugs or devices. CVS's discriminatory conduct violated federal and state laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, the Virginia Human Rights Act, Va. Code Ann. § 2.2-3905, and the Virginia Conscience Clause, Va. Code Ann. § 18.2-75, causing Mrs. Casey extensive monetary and other damages. This lawsuit seeks to remedy the

1

injuries and the related financial harms Mrs. Casey suffered from CVS's religious discrimination and violation of her conscience rights.

## VENUE

1. Venue is proper in this district pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as stated in Defendants' Notice of Removal. *See* Dkt. No. 1.

2. Venue is also proper in this district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred in this district.

## JURISDICTION

3. This action raises federal claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-(5)(f), and state claims under the Virginia Human Rights Act, Va. Code Ann. § 2.2-3905 (2020), and the Virginia Conscience Clause, Va. Code Ann. § 18.2-75 (1950).

4. This Court has original jurisdiction over federal questions pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(e) and (f) have been satisfied.

7. Mrs. Casey filed a complaint of discrimination with the Virginia Attorney General's Office of Civil Rights ("OCR") on or about April 5, 2022 because her claims are covered by state anti-discrimination laws.

8. Mrs. Casey lives in Virginia, a "deferral state." *Flippo v. Am. Home Prod. Corp.*, 59 F. Supp. 2d 572, 575 (E.D. Va. 1999). "In a deferral state, a person alleging discrimination benefits from a longer period of time in which to file her charge of discrimination." *Id.* (citing 42

U.S.C. § 2000e–5(e) (granting a complainant in a deferral state 300, rather than 180, days in which to file a charge following the allegedly discriminatory act)). Thus, Mrs. Casey had 300 days to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See Price v. Norfolk S. Corp.*, No. 2:21CV223, 2022 WL 19076393, at *17 (E.D. Va. July 21, 2022), report and recommendation adopted in part, rejected in part, No. 2:21CV223, 2022 WL 4451331 (E.D. Va. Sept. 23, 2022) (citing *Dolgaleva v. Virginia Beach City Pub. Sch.*, 364 F. App'x 820, 824 (4th Cir. 2010)).

9. Mrs. Casey filed a complaint of employment discrimination with the EEOC on or about January 25, 2023, which was within 300 days of CVS's unlawful termination of her employment.

10. On February 6, 2023, the Virginia OCR advised Mrs. Casey that the agency elected not to investigate her charge and deferred to the EEOC for investigation pursuant to a federal-state work-sharing agreement.

11. The Virginia OCR issued a notice to Mrs. Casey of her right to file a civil action under the Virginia Human Rights Act on March 8, 2023.

12. The EEOC issued a Notice of Right to Sue on April 28, 2023.

13. This complaint is filed within 90 days of Mrs. Casey's receipt of the notices of right to sue from both the EEOC and Virginia OCR.

14. This Court has authority to award the requested monetary relief pursuant to 28 U.S.C. 1343(a)(4) and 42 U.S.C. § 2000e-5(g); the requested equitable relief under 28 U.S.C. § 1343 and 42 U.S.C. § 2000e-5(g); and costs and attorneys' fees under 42 U.S.C. § 2000e-5(k), and/or 42 U.S.C. § 2000e-5(g).

15. This Court may also award the requested relief pursuant to Va. Code Ann. § 8.01-184-190 (1950) (declaratory judgment and costs) and Va. Code Ann. § 17.1-513 (1919) (damages and costs).

## PARTIES
### Plaintiff

16. Plaintiff, Paige Casey, is an adult citizen of the United States and a resident of Virginia.

17. Mrs. Casey is a nurse practitioner, licensed to practice in Virginia since 2018.

18. She received her master's degree in nursing from Virginia Commonwealth University in 2017.

19. As a practicing Roman Catholic in good standing with her Church, Mrs. Casey believes that life begins at conception and that contraception impedes the body's natural reproductive process.

20. She is prohibited by long-settled Catholic moral teaching from providing, prescribing, or facilitating the use of any drug, device, or surgical procedure, the use of which prevents conception or implantation of a fertilized egg, impairs fertility, or which otherwise may cause an abortion—including but not limited to certain hormonal contraceptives, Plan B, and Ella.

21. Violating these beliefs by participating in contraception or the destruction of an innocent human life would cause Mrs. Casey substantial harm to her conscience and religious beliefs.

### Defendants

22. MinuteClinic Diagnostic of Virginia, LLC (hereafter "MinuteClinic"), has its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

23. MinuteClinic is a wholly owned subsidiary of MinuteClinic, LLC, which in turn, is indirectly owned and controlled by CVS Health Corporation, which is a Delaware corporation that also has its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

24. MinuteClinic operates medical facilities that provide non-emergent medical treatment to patients on an appointment and walk-in basis.

## FACTUAL ALLEGATIONS

25. On June 3, 2018, CVS offered Mrs. Casey a job as a nurse practitioner on its 23-Northern VA Suburbs team of practitioners.

26. The 23-Northern VA Suburbs team of practitioners works in Fairfax County, and occasionally in Prince William County.

27. She accepted that offer on or about July 12, 2018, and her first day of employment with CVS was September 4, 2018.

28. Mrs. Casey primarily worked at the Del Ray MinuteClinic #01410, located at 415 East Monroe Avenue, Alexandria, Virginia 22301, but was expected to travel to and staff other clinics as needed by the business.

29. Mrs. Casey's job responsibilities included, but were not limited to:

   1. Evaluating, treating, and providing health counseling for patients 18 months of age and above;

   2. Educating patients on maintaining proper health;

   3. Responding to patient care inquiries throughout the day;

   4. Managing multiple demands and needs of clinic operations, patients in the waiting room, and incoming phone calls while maintaining focus on and high-quality care for the patient in the exam room.

30. During orientation in September 2018, Mrs. Casey notified CVS of her religious objections to providing contraceptives and participating in abortion.

31. Several months later, her supervisor, Blen "Billie" Abdi, asked her to submit her religious beliefs and request for an accommodation in writing.

32. On February 26, 2019, Mrs. Casey submitted a completed CVS Health's Request for Religious Belief or Practice Accommodation form to Thomas Maloney—a member of the Advice and Council Department of CVS Health.

33. On the form, Mrs. Casey described her religious convictions regarding contraception and abortion—specifically stating that as a practicing Roman Catholic she is prohibited from providing, prescribing, or facilitating the use of any drug, device, or surgical procedure, the use of which prevents conception or implantation of a fertilized egg, or which impairs fertility—and requested and suggested a reasonable accommodation.

34. CVS accommodated Mrs. Casey's religious convictions for three years and did not require her to prescribe or administer any form of contraception or fertility-limiting device, including any drug or device that may cause abortion.

35. Mrs. Casey was not aware of any complaints from co-workers, patients, or supervisors while her accommodation was in place or at any time during her employment with CVS.

36. Mrs. Casey's work was outstanding, and she had no performance issues throughout her employment with CVS.

37. On or about August 26, 2021, CVS announced in a townhall meeting that it would no longer accommodate employees with religious convictions against performing so-called

"pregnancy prevention" services—including prescribing or facilitating the use of hormonal contraceptives, and any other forms of birth control that can cause abortions.

38. In a letter dated December 6, 2021, nearly three years after receiving Mrs. Casey's original request for an accommodation, the CVS Health Advice & Counsel Team advised Mrs. Casey it had received her previous request for an accommodation of her religious beliefs and asked for more information.

39. On December 19, 2021, Mrs. Casey resubmitted CVS Health's Request for Religious Belief or Practice Accommodation form to the CVS Health Advice & Counsel Team, accompanied by a letter reiterating her religious belief that life begins at conception and that she therefore cannot participate in providing abortion or abortion-causing drugs, including hormonal contraceptives and any drugs or devices that prevent implantation of embryos.

40. Mrs. Casey's December 19 letter described ways her religious convictions were already being accommodated without affecting patient care.

41. In a letter dated January 18, 2022, CVS informed Mrs. Casey it would no longer accommodate her religious beliefs prohibiting her from prescribing hormonal contraceptives, including drugs or devices that may cause an abortion.

42. On March 4, 2022, Mrs. Casey's supervisor Blen "Billie" Abdi confirmed in a phone call with Mrs. Casey, Area 2 Director Natalie Licktieg, and HR Business partner Virginia Grasso, that CVS would stop accommodating Mrs. Casey's religious beliefs.

43. In a March 25, 2022, telephone conversation, Mrs. Casey again informed her supervisor, Abdi, of her religious beliefs prohibiting her from prescribing contraceptives and abortion-causing drugs or devices and of her desire to continue employment with CVS.

44. Abdi said that no accommodation would be made, even when the clinic is double staffed.

45. On March 27, 2022, Mrs. Casey received a merit-based pay increase.

46. On March 29, 2022, Mrs. Casey emailed Abdi, Virginia Grasso, and Natalie Lickteig reasserting her religious convictions prohibiting her from prescribing or facilitating the use of contraceptives and abortion-causing drugs or devices.

47. Natalie Lickteig responded via email that same day, confirming that "Reasonable Accommodations/Exceptions will not be accepted moving forward."

48. On March 29, 2022, CVS notified Mrs. Casey of her separation from the MinuteClinic, effective April 1, 2022, solely because of her religious beliefs prohibiting provision of contraceptives and abortion-causing drugs or devices.

## COUNT I
## VIOLATION OF TITLE VII
## 42 U.S.C. § 2000e *et seq.*

49. Plaintiff realleges all matters set forth in paragraphs 1-48 and incorporates them herein.

50. Mrs. Casey was employed by CVS as a nurse practitioner from 2018–2022.

51. Defendants are employers within the meaning of Title VII, 42 U.S.C. § 2000e(b).

52. Under Title VII, it is an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion. . . ." 42 U.S.C. § 2000e-2(a)(1).

53. Mrs. Casey is a member of the Roman Catholic Church and therefore has sincere religious beliefs that prohibit her from participation in contraception and abortion.

8

54. Mrs. Casey requested an accommodation of her sincerely held religious beliefs, and was granted an accommodation for three years.

55. Mrs. Casey's sincerely held religious beliefs conflict with CVS requiring her, as of August 2021, to participate in so-called "pregnancy prevention" services—including prescribing or facilitating the use of hormonal contraceptives, and any other forms of birth control that can cause abortions.

56. CVS changed course suddenly and rescinded her reasonable religious accommodation. CVS did not fulfill its affirmative duty to reasonably accommodate Mrs. Casey's sincere religious beliefs and practices, absent undue hardship, in contravention of 42 U.S.C. § 2000e(j).

57. Mrs. Casey was terminated from her employment and discriminated against by CVS with respect to her compensation, terms, conditions, or privileges of employment because of her sincerely held religious beliefs, in contravention of 42 U.S.C. § 2000e-2(a)(1) and 2000e(j).

58. CVS's actions were made willingly, intentionally, and with malice or reckless indifference to Mrs. Casey's federally protected rights.

## COUNT II
## VIOLATION OF VIRGINIA HUMAN RIGHTS ACT
## Va. Code § 2.2-3905

59. Plaintiff realleges all matters set forth in paragraphs 1–48 and incorporates them herein.

60. Mrs. Casey was employed by CVS as a nurse practitioner from 2018–2022.

61. CVS is a qualified employer subject to Va. Code Ann. § 2.2-3905.

62. Under the Virginia Human Rights Act, it constitutes an "unlawful discriminatory practice" for an employer to "discharge, or otherwise discriminate against any individual with

9

respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . religion." Va. Code Ann. § 2.2-3905(B).

63. Mrs. Casey is a member of the Roman Catholic Church and therefore has sincere religious beliefs that prohibit her from participation in contraception and abortion.

64. Mrs. Casey requested an accommodation of her sincerely held religious beliefs, and was granted an accommodation for three years.

65. CVS changed course suddenly and rescinded her reasonable religious accommodation.

66. Mrs. Casey was terminated and discriminated against by CVS with respect to her compensation, terms, conditions, or privileges of employment because of her sincerely held religious convictions in violation of Va. Code Ann. § 2.2-3905.

## COUNT III
## VIOLATION OF PLAINTIFF'S FREEDOM OF CONSCIENCE
## Va. Code § 18.2-75

67. The Plaintiff realleges all matters set forth in paragraphs 1–48 and incorporates them herein.

68. The Virginia Conscience Clause states: "[A]ny person who shall state in writing an objection to any abortion or all abortions on personal, ethical, moral or religious grounds shall not be required to participate in procedures which will result in such abortion, and the refusal of such person, hospital or other medical facility to participate therein shall not form the basis of any claim for damages on account of such refusal or for any disciplinary or recriminatory action against such person, nor shall any such person be denied employment because of such objection or refusal. The written objection shall remain in effect until such person shall revoke it in writing or terminate [her] association with the facility with which it is filed." Va. Code Ann. § 18.2-75.

69. Mrs. Casey was employed by CVS as a nurse practitioner from 2018–2022.

70. Mrs. Casey informed CVS in writing of her personal, ethical, moral, and religious objection to participating in any abortion, including by prescribing or facilitating the use of any drugs or devices that could prevent implantation of a fertilized egg.

71. CVS fired Mrs. Casey because of her refusal to participate in abortion.

72. The Virginia Conscience Clause expressly states the Commonwealth's public policy prohibiting employers from terminating medical-professional employees for failure to participate in abortion. Va. Code Ann. § 18.2-75.

73. Plaintiff is a medical-professional employee who is a member of the class protected by the Virginia Conscience Clause.

74. Defendants operate a medical facility that wrongfully discharged Mrs. Casey in violation of the Virginia Conscience Clause's public policy.

75. Defendants are subject to equitable relief and liable for damages resulting from their violation of Virginia public policy, pursuant to *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. Declare that Defendants' actions described in this complaint violated 42 U.S.C. § 2000e-2(a)(1);

2. Declare that Defendants' actions described in this complaint violated the provisions of Va. Code Ann. § 2.2-3905;

11

3. Declare that Defendants' termination of Mrs. Casey because of her religious refusal to participate in abortion violated the provisions of Va. Code Ann. § 18.2-75 and Virginia public policy as reflected in that statute;

4. Award compensatory damages (including lost wages, front pay, and back pay), punitive damages, and/or nominal damages, in the amount of $100,000 or as determined by the finder of fact in accordance with the proof, plus interest at the legal rate until paid to the Plaintiff;

5. Reinstate Mrs. Casey as a casual part-time nurse practitioner at CVS MinuteClinic;

6. Retain jurisdiction of this matter for the purpose of enforcing its orders;

7. Award reasonable costs and expenses of this action, including court costs and reasonable attorneys' fees as provided by 42 U.S.C. § 2000e-5(k) or 42 U.S.C. § 2000e-5(g);

8. Award costs and expenses in this action, including reasonable attorneys' fees, in accordance with Va. Code Ann. § 8.01-190 to the Plaintiff;

9. Grant of any other relief the Court deems equitable and just in the circumstances; and

10. Appoint a jury of Mrs. Casey's peers to try the issues of fact.

Dated this 18th day of May, 2023.

Respectfully Submitted,

By:   */s/Kevin H. Theriot*
Kevin H. Theriot (VA Bar No. 38324)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (fax)
ktheriot@ADFlegal.org

Christopher P. Schandevel (VA Bar No. 84412)
ALLIANCE DEFENDING FREEDOM

44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-4655
(571) 707-4656 (Fax)
cschandevel@ADFlegal.org

Denise M. Harle (GA Bar No. 176758)*
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE, D1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (fax)
dharle@ADFlegal.org

Erica Steinmiller-Perdomo (DC Bar No. 90009737)*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (fax)
esteinmiller@ADFlegal.org

*Counsel for Plaintiff*

\* *Pro hac vice* admission granted

## VERIFICATION OF COMPLAINT

I, Paige Casey, a citizen of the United States and a resident of the Commonwealth of Virginia, hereby declare under penalty of perjury pursuant 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint and declare the factual allegations therein, and the facts as alleged are true and correct.

Executed this 18th day of May, 2023, at Alexandria, Virginia.

*Paige Casey*

Paige Casey

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent an electronic notification to the attorneys of record.

<u>/s/Kevin H. Theriot</u>
Kevin H. Theriot
ALLIANCE DEFENDING FREEDOM

*Counsel for Plaintiff*
