IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PAIGE CASEY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MINUTE CLINIC DIAGNOSTIC OF VIRGINIA, LLC, et al.,**<br><br>**Defendants.** | Case No. 1:22-cv-01127-PTG-WEF |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS COUNTS I AND II OF PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure and Rule 7 of this Court's Local Civil Rules, Defendants MinuteClinic Diagnostic of Virginia, LLC ("MinuteClinic") and CVS Health Corporation (improperly pleaded as "CVS Health, Inc.") ("Defendants"), by and through undersigned counsel, hereby submit this Brief in support of their Motion to Dismiss Counts I and II of Plaintiff's Amended Verified Complaint (the "Amended Complaint") (ECF No. 48). As demonstrated below, Counts I and II of the Amended Complaint fail to state claims upon which relief can be granted, as Count I is untimely and Count II fails to state a plausible claim for relief. As such, Counts I and II of the Amended Complaint should be dismissed with prejudice.

**I.    INTRODUCTION & SUMMARY OF ARGUMENT**

This action arises out of the former employment of Plaintiff Paige Casey ("Plaintiff") as a nurse practitioner for MinuteClinic (a subsidiary of CVS Health), from September 2018 to April 1, 2022.  In March 2019, MinuteClinic granted Plaintiff's request for a religious accommodation from having to perform services to patients relating to the provision of contraceptives, and that

accommodation was in place through August 26, 2021. However, during an August 26, 2021 "Town Hall" meeting, MinuteClinic announced updates to the essential functions of all provider and nurse roles, stating, *inter alia*, that the essential functions of those positions included the provision of education and treatment for pregnancy prevention (which included the administration and prescribing of hormonal contraceptives). Thereafter, Plaintiff renewed her request for religious accommodation, and MinuteClinic informed her on several occasions during January-March 2022 that accommodations from provision of pregnancy prevention services and contraceptive care would no longer be provided in accordance with the August 26, 2021 announcement. After several additional communications on this topic, Plaintiff was informed on March 29, 2022 that her employment would be terminated effective April 1, 2022 due to her decision to not perform all essential functions of the job.

Plaintiff's original Complaint solely asserted a claim for violation of the Virginia "Conscience Clause," Va. Code § 18.2-75. On May 18, 2023, Plaintiff filed an Amended Complaint purporting to add claims for failure to accommodate her religion in alleged violation of Title VII (Count I) and the Virginia Human Rights Act ("VHRA") (Count II). However, as set forth below, neither claim is viable.

First, Plaintiff's Title VII claim is time-barred. Specifically, Plaintiff did not file a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") until January 25, 2023, *more than 300 days* after she was notified on March 29, 2022 that her employment would end on April 1, 2022. Accordingly, Count I of the Amended Complaint should be dismissed.

Second, Plaintiff's VHRA claim should be dismissed because, unlike Title VII, the VHRA does not authorize "failure to accommodate" religion claims (as opposed to disparate treatment

religious discrimination claims). Although Plaintiff has not explicitly identified which theory she is pursuing, it is apparent when viewing the Amended Complaint that Plaintiff seeks to bring a "failure to accommodate" religious discrimination claim under the VHRA. Accordingly, her claim under the VHRA as set forth in Count II of the Amended Complaint should also be dismissed.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff began employment with MinuteClinic as a nurse practitioner in September 2018. (Am. Compl., p. 1 & ¶ 17).  In March 2019, MinuteClinic granted Plaintiff's request for a religious accommodation from having to perform services to patients relating to the provision of contraceptives, and that accommodation was in place through August 26, 2021.  (*Id.*, ¶¶ 32-37).

On August 26, 2021, MinuteClinic held a Town Hall meeting, during which updates were announced to the nurse practitioner role within MinuteClinic. According to the Amended Complaint, the company announced that it would no longer accommodate employees with religious convictions against performing "pregnancy prevention" services including prescribing or facilitating the use of hormonal contraceptives.  (*Id.* ¶ 37).   Thereafter, Plaintiff renewed her request for religious accommodation from providing contraceptives, and MinuteClinic informed her on several occasions during January-March 2022 that accommodations from provision of pregnancy prevention services and contraceptive care would no longer be provided in accordance with the August 26, 2021 announcement.  (*Id.* ¶¶ 39-47).   On March 29, 2022, MinuteClinic notified Plaintiff that her employment would be terminated effective April 1, 2022 due to her decision to not perform all essential function of the job. (*Id.* ¶ 48).

---

[1] Defendants do not concede the accuracy of Plaintiff's allegations. However, for purposes of this motion only, Defendants "'accept as true all of the factual allegations contained in the complaint', and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dept. v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (citation omitted).

On August 31, 2022, Plaintiff filed a Complaint in the Circuit Court for the County of Prince William, Virginia solely asserting a violation of the Virginia "Conscience Clause," Va. Code § 18.2-75. That action was removed to this Court on October 6, 2022. (ECF No. 1).

Plaintiff did not file an EEOC Charge until January 25, 2023. (Am. Compl. ¶ 9). That date is more than 300 days after the date Plaintiff was notified of her termination—i.e., March 29, 2022. (*Id.* ¶ 48). The EEOC issued a Notice of Right to Sue on April 28, 2023. (*Id.* ¶ 12). Plaintiff filed her Amended Complaint adding claims under Title VII and the VHRA on May 18, 2023. For the reasons that follow, those claims under Title VII and the VHRA, as alleged in Counts I and II of the Amended Complaint, should be dismissed with prejudice.

### III.    STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint when the plaintiff has failed to state a claim for which the court may grant relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face" and "nudge [the] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007). A plaintiff must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing the adequacy of a complaint, a court cannot give credence to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. Failing to allege an essential element of a claim warrants dismissal. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. *Panyanouvong*

*v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 795 (E.D. Va. 2007). Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss where the facts establishing the defense are clear on the face of the pleadings. *See, e.g.*, *Brooks v. City of Wisconsin-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (holding that dismissal "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense"). Motions based on timeliness are properly construed under Rule 12(b)(6) because it is not a jurisdictional question. *See Moseke v. Miller & Smith, Inc.*, 202 F.Supp.2d 492, 501 (E.D. Va. 2002); *Scott v. Hampton City Sch. Bd.*, No. 4:14CV128, 2015 WL 1917012, at *2 (E.D. Va. 2015). Dismissal under Rule 12(b)(6) is the appropriate course where a plaintiff fails to exhaust administrative remedies as required by federal anti-discrimination law. *Fort Bend Cnty., Texas v. Davis,* 139 S. Ct. 1843, 1851–52 (2019) (explaining that failure to exhaust provides a dispositive defense).

IV.   **ARGUMENT**

    A.   **Plaintiff's Title VII Claim is Time-Barred and Should be Dismissed.**

Count I of Plaintiff's Amended Complaint, which asserts a violation of Title VII, is time-barred. Prior to filing suit for a Title VII claim, a prospective plaintiff must first file a charge of discrimination with the EEOC within 300 days following the alleged discriminatory act(s). 42 U.S.C. § 2000e-5(e)(1); *Fort Bend*, 139 S. Ct. at 1846; *Panyanouvong*, 525 F. Supp. 2d at 796; *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003). "Failure to timely file a charge precludes relief under Title VII." *Elitharp-Martin v. Pulaski Cty. Sch. Bd.*, 62 F. Supp. 3d 515, 519 (W.D. Va. 2014) (citing *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 422 (4th Cir. 2005)).

The 300-day limitations period for purposes of Title VII claims commences at "the time at which the [termination] decision was made and communicated to" the employee, even when the

date of the termination is later than the date of notification. *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980); *Green v. Brennan,* 136 S. Ct. 1769, 1782 (2016) (applying the rule from *Ricks* and holding that the statute of limitations begins to run "when the employer notifies the employee he is fired, not on the last day of his employment"); *see also Chardon v. Fernandez*, 454 U.S. 6 (1981) (applying the *Ricks* rule to a claim under 42 U.S.C. § 1983); *Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (noting that "[a] cause of action for discrimination cases accrues on the date that the alleged unlawful conduct occurred. The unlawful practice occurs when the plaintiff is informed of the allegedly discriminatory practice or decision.") (cleaned up); *Martin v. Southwestern Va. Gas Co.*, 135 F.3d 307 (4th Cir. 1998) (applying the rule to an ADA claim); *Hamilton v. 1st Source Bank*, 928 F.2d 86 (4th Cir. 1990) (applying the rule to an ADEA claim).

Applying the *Ricks* principle here, Plaintiff's Title VII claim is time-barred. Plaintiff was notified on March 29, 2022 that her employment with MinuteClinic would be terminated effective April 1, 2022. *See* Am. Compl. ¶ 48. Therefore, Plaintiff was required to file an EEOC Charge exhausting her Title VII claim by no later than 300 days after this date – i.e., no later than January 23, 2023. *See Ricks*, 449 U.S. at 260–61. Plaintiff, however, did not file her EEOC Charge until January 25, 2023 (Am. Compl. ¶ 9), **_302 days_** after she was notified of her termination. Accordingly, Plaintiff's Title VII claim is time-barred and Count I of her Amended Complaint should be dismissed with prejudice.

**B.      Plaintiff's VHRA Claim Fails to State a Claim for Religious Discrimination.**

In Count II, Plaintiff purports to assert a claim for failure to accommodate her religion in alleged violation of the VHRA. However, unlike Title VII, the VHRA does not authorize a "failure to accommodate" religion claim, and therefore Count II must be dismissed.

Title VII prohibits covered employers from "discharg[ing] any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). The term "religion" is defined to "include[] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate [] an employee's . . . religious observance or practice without undue hardship[.]" 42 U.S.C. § 2000e(j). The latter part of this definition "makes it an unlawful employment practice under section 703(a)(1) [*i.e.*, 42 U.S.C. § 2000e-2(a)(1)] for an employer to fail to reasonably accommodate the religious practices of an employee[,]" absent undue hardship. 29 C.F.R. § 1605.2(b)(1).

Under Title VII, "Courts have recognized that employees may utilize two theories in asserting religious discrimination claims[,]" known as the "[1]'disparate treatment' and [2] 'failure to accommodate' theories." *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1017 (4th Cir. 1996). "These two theories are distinct, such that while a disparate treatment claim might fail if an employer requires all employees to work on Sunday regardless of religion, a religious accommodation theory does not require comparison with other employees." *Daniel v. Kroger L.P. I*, No. 3:11cv245-DWD, 2011 WL 5119372, at *4 (E.D. Va., Oct. 27, 2011) (citing *Chalmers*, 101 F.3d at 1018).

The VHRA makes it unlawful for an employer to "…discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's … religion…" Va. Code § 2.2-3905(B)(1). However, the VHRA defines the term "religion" differently than does Title VII. Under the VHRA, religion "includes any outward expression of religious faith, including adherence to religious dressing and grooming practices and the carrying or display of religious items or symbols." Va. Code § 2.2-3901(E). Unlike Title VII, the VHRA definition does not identify any obligation to

7

accommodate religious beliefs, nor does it mention undue hardship. *Compare* Va. Code § 2.2-3901(E) (VHRA definition) *with* 42 U.S.C. § 2000e(j) (Title VII definition). Nor does the VHRA cite any obligation to offer accommodations to individuals who ask for them based upon those religious beliefs. The absence of this language is in direct contrast to the VHRA's provisions requiring accommodations for pregnant and disabled individuals, and the Virginia General Assembly's authorization to assert failure to accommodate claims on behalf of employees who are pregnant or disabled. *See* Va. Code §§ 2.2-3905.1, 2.2-3909. In other words, by its express language, the VHRA does not authorize claims for the alleged failure to accommodate employees because of their religion; it only authorizes religious discrimination claims founded on a theory of disparate treatment. *See generally* Va. Code §§ 2.2-3900 *et seq.*

The legislative history of the VHRA strongly corroborates this textual conclusion. The VHRA was amended in the last three years to add reasonable accommodation obligations for employers based on pregnancy (in 2020) and disability (in 2021). *See* 2020 Va. Laws Chs. 1138 (H.B. 827) and 1139 (S.B. 712) (codifying obligation to make reasonable accommodation due to pregnancy, childbirth, or related medical conditions as Section 2.2-3904); 2021 Va. Laws 1st Sp. Sess. Ch. 196 (H.B. 2147) (transferring obligation from Section 2.2-3904 to Section 2.2-3909); 2021 Va. Laws 1st Sp. Sess. Ch. 12 (H.B. 1848) (adding disability to list of protected traits under VHRA and adding Section 2.2-3905.1). One of the primary stated purposes of these amendments was to "create[] a cause of action against any employer who denies . . . the rights to reasonable accommodation" on the basis of pregnancy or disability. Fiscal Impact Statement to H.B. 1848 (2021 1st Sp. Sess.), https://lis.virginia.gov/cgi-bin/legp604.exe?212+oth+HB1848FER122+PDF; *see also* Fiscal Statement to H.B. 827 (2020), https://lis.virginia.gov/cgi-bin/legp604.exe?201+oth+HB827FER122+PDF ("creat[ing] a cause of action against any

employer who denies . . . the rights afforded by the bill," including the right to "reasonable accommodation . . . related to pregnancy, childbirth, or related medical conditions"). Prior to these amendments, there was no indication in the statute that failure to accommodate claims were cognizable under the VHRA.

By contrast, the General Assembly did *not* include in the VHRA any language addressing religious accommodation. Indeed, even after adding accommodation obligations due to pregnancy and disability, the General Assembly amended the definition of "religion" *without adding any reasonable accommodation obligation* on that basis. *See* 2022 Va. Laws Ch. 799 (H.B. 1063) (amending the definition of "religion" in § 2.2-3901). Thus, the General Assembly's decision to exclude failure to accommodate religion claims from coverage was deliberate. *See Jones v. Comm'r*, 642 F.3d 459, 463 (4th Cir. 2011) ("[W]hen a statute includes particular language in one section but omits it in another, a court can assume . . . that the omission was deliberate.") (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)); *see also Jordan v. Sch. Bd. of City of Norfolk*, __ F. Supp. 3d __, Civil No. 2:22cv167, 2022 WL 16835868, at *15 (E.D. Va. Nov. 9, 2022) (courts "construe[] statutes within the Code of Virginia 'to ascertain and give effect to the intention of the General Assembly[,]'" as "'is usually self-evident from the statutory language'") (*quoting Farhoumand v. Commonwealth*, 288 Va. 338, 764 S.E.2d 95, 98 (2014)).

Here, although Plaintiff has not explicitly identified which theory of religious discrimination she is pursuing, the clear gravamen of her VHRA claim is that MinuteClinic failed to accommodate her religion after announcing on August 26, 2021 that pregnancy prevention and contraceptive care services were now essential functions of the nurse practitioner job, and terminating her employment because of her refusal to perform those essential functions after the accommodation was withdrawn. *See* Am. Compl., ¶ 34 (stating that MinuteClinic had

9

"accommodated Mrs. Casey's religious convictions for three years and did not require her to prescribe or administer any form of contraception or fertility-limiting device"); *Id.* ¶ 37 (stating that MinuteClinic announced on August 26, 2021 that it would no longer accommodate employees with religious convictions against performing so-called 'pregnancy prevention' services"); *Id.* ¶ 39 (stating that Plaintiff resubmitted a "Request for Religious Belief or Practice Accommodation" form); *Id.* ¶ 41 (stating that MinuteClinic "informed Mrs. Casey it would no longer accommodate her religious beliefs prohibiting her from prescribing hormonal contraceptives"); *Id.* ¶ 42 (stating that on March 4, 2022, Plaintiff's supervisor, area director, and human resources representative "confirmed in a phone call…that [MinuteClinic] would stop accommodating Mrs. Casey's religious beliefs"); *Id.* ¶¶ 43-44 (stating that in a March 25, 2022 phone call, Plaintiff's supervisor again informed Plaintiff that no accommodation would be made exempting her from prescribing contraceptives); *Id.* ¶¶ 45-46 (stating that in a March 29, 2022 email exchange, Plaintiff's area director confirmed to Plaintiff that "Reasonable Accommodations/Exceptions [to the performance of essential functions of providing contraceptive care] will not be accepted moving forward"); *Id.* ¶ 48 (stating that on March 29, 2022, MinuteClinic "notified Mrs. Casey of her separation from the MinuteClinic, effective April 1, 2022, solely because of her religious beliefs prohibiting provision of contraceptives…").

In short, it is clear that the only religious discrimination claim Plaintiff is asserting here is failure to accommodate her religion. However, as set forth above, a failure to accommodate claim is not cognizable under the VHRA. Therefore, Count II should be dismissed with prejudice.

## V.  CONCLUSION

For these reasons, Defendants respectfully request that the Court grant their Motion, dismiss Counts I and II of the Amended Complaint with prejudice, and award Defendants such other relief as the Court deems just and proper.

DATED: June 1, 2023							Respectfully submitted,

    */s/ Meredith L. Schramm-Strosser*
Meredith L. Schramm-Strosser (Va. Bar No. 87984)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW, Suite 400
Washington, D.C. 20006
Phone: (202) 842-3400
Fax: (202) 842-0011
Email: MSchramm-Strosser@littler.com

Jeannie DeVeney, Esq.
LITTLER MENDELSON, P.C. (*pro hac vice*)
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Phone: (816) 627-4405
Fax: (816) 817-1453
Email: JDeVeney@littler.com

Kim Rives Miers, Esq.
LITTLER MENDELSON, P.C., (*pro hac vice*)
100 Congress Avenue, Suite 1400
Austin, TX 78701
Phone: (512) 982-7253
Fax: (214) 880-0810
Email: KMiers@littler.com

Heather Pierce, Esq. (*pro hac vice*)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
Phone: (401) 824-2506
Fax: (401) 223-6867
Email: HPierce@littler.com

Richard M. DeAgazio, Esq. (*pro hac vice*)
LITTLER MENDELSON, P.C.
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, NJ 07102
Phone: (973) 848-4733
Fax: (973) 556-1620
Email: RDeAgazio@littler.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of June, 2023, a true and correct copy of the foregoing was filed via ECF, which caused a copy to be served upon Plaintiff's counsel of record as follows:

Kevin H. Theriot, Esq.
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (fax)
ktheriot@ADFlegal.org

Christopher P. Schandevel, Esq.
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-4655
(571) 707-4656 (Fax)
cschandevel@ADFlegal.org

Denise M. Harle, Esq.
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE, D1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (fax)
dharle@ADFlegal.org

Erica Steinmiller-Perdomo
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (fax)
esteinmiller@ADFlegal.org

*Attorneys for Plaintiff*

   */s/ Meredith L. Schramm-Strosser*
Meredith L. Schramm-Strosser (Va. Bar No. 87984)