IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAIGE CASEY,<br><br>      *Plaintiff*,<br><br>v.<br><br>MINUTE CLINIC DIAGNOSTIC OF VIRGINIA, LLC, et al.,<br><br>      *Defendants*. | Case No. 1:22-cv-01127-PTG-WEF |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

  Plaintiff Paige Casey respectfully moves this Court, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to file her Second Amended Complaint, a copy of which is attached hereto. Such amendment should be freely granted as justice demands.

  Mrs. Casey's First Verified Amended Complaint added claims of religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Virginia Human Rights Act ("VHRA"), Va. Code Ann. § 2.2-3902. ECF No. 48. Defendants moved to dismiss the added claims—Counts I and II of the First Amended Complaint—arguing Plaintiff failed to state a plausible claim for relief under Title VII or the VHRA. ECF No. 54. In light of Defendants' motion to dismiss citing facts outside the complaint, Mrs. Casey seeks leave to amend her complaint to include additional critical facts and allegations supporting Counts I and II.

**FACTUAL BACKGROUND**

  After Defendants CVS and MinuteClinic unlawfully terminated her employment for refusing to violate her religious beliefs, Mrs. Casey filed suit in Virginia state court on August 31, 2022. Mrs. Casey's Verified Complaint alleged one count of discrimination in violation of the

Virginia Conscience Clause. Defendants removed the case to federal district court on October 6, 2022. ECF No. 1. Defendants then filed a motion to dismiss and compel arbitration on October 27, 2022, alleging that Mrs. Casey had entered into an arbitration agreement with CVS. ECF No. 7. Following full briefing and exhibits submitted to this Court establishing that Mrs. Casey had never signed an arbitration agreement, Defendants withdrew their motion on January 5, 2023. ECF No. 30.

In addition to her filing an action under the Virginia Conscience Clause, Mrs. Casey filed a complaint of religious discrimination with the Virginia Office of Civil Rights ("VA OCR"), and later with the U.S. Equal Employment Opportunity Commission ("EEOC"). Both the state and federal agencies ultimately declined to investigate her claims, instead issuing notices of her right to sue. On March 8, 2023, Mrs. Casey received from the Virginia OCR a notice of her right to file a civil action for religious discrimination under the VHRA. On April 28, 2023, Mrs. Casey received a notice of her right to sue from the EEOC.

Upon receipt of the notices, Mrs. Casey sought leave of this Court to file her First Verified Amended Complaint by consent motion on May 9, 2023. ECF No. 42. This Court granted leave on May 10, 2023, and the Amended Complaint was filed on May 18. ECF No. 45, 48. Mrs. Casey's Amended Complaint brought claims of religious discrimination under Title VII and the VHRA. ECF No. 48. On June 1, 2023, Defendants moved to dismiss the added claims, Counts I and II respectively. ECF No. 54. The parties have completed briefing on the motion to dismiss, and the Court has scheduled a hearing on the motion to dismiss on July 20, 2023. Mrs. Casey seeks leave to amend her complaint prior to the Court's consideration of Defendants' motion to dismiss to ensure consideration of all facts relevant to maintaining her claims.

# ARGUMENT

This Court should grant leave to amend the factual allegations and allegations underlying the Title VII and VHRA claims included in Mrs. Casey's First Amended Complaint. In considering the motion to amend, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This motion is not sought for purposes of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### I. Amending the complaint would not cause undue delay, is sought in good faith, and avoids prejudice to Mrs. Casey.

Granting Mrs. Casey leave to amend her complaint would not cause undue delay, and Mrs. Casey has sought leave expeditiously. Mrs. Casey filed her First Amended Complaint on May 18, 2023, raising the religious discrimination claims now challenged by Defendants' motion to dismiss. Defendants filed their motion to dismiss on June 1, and a reply in support of their motion to dismiss on June 21. Mrs. Casey promptly files this motion within twenty days of Defendants' reply brief citing facts outside the complaint, and more than a week before this Court's scheduled hearing on the motion to dismiss on July 20, 2023.

Mrs. Casey seeks leave to amend the complaint in good faith. As Defendants acknowledge in their motion to dismiss, there are additional facts outside Plaintiff's First Amended Complaint that speak to the timeliness of Count I and to the sufficiency of the allegations pleaded in Count II. This amendment is sought in good faith to include important factual allegations that are directly relevant to address Defendants' arguments, including new exhibits and factual allegations outside

3

the four corners of the operative complaint, which Defendants included in their reply brief on June 21.

Mrs. Casey has not yet had an opportunity to amend Counts I and II. The First Amended Complaint raised these claims for the first time in May. Defendants' motion to dismiss attacks only these two new claims. This Court should grant leave to amend here, where it would be Mrs. Casey's first opportunity to cure any alleged deficiencies as to the new claims.

Defendants would suffer no prejudice from an amended complaint. Rather, without leave to amend, Mrs. Casey would be prejudiced by this Court's consideration of extraneous exhibits and cherry-picked facts Defendants offer in their motion to dismiss, all of which fall outside the complaint. Mrs. Casey respectfully seeks to ensure this Court has all the facts needed for full and fair consideration of her claims—not just those facts favorable to Defendants.

## II.     Amending the complaint would not be futile.

Finally, amendment would not be futile. As to Count I, Mrs. Casey seeks to furnish additional facts that are important to establish that she had an ongoing reasonable religious accommodation. Defendants claim that there are no allegations in the First Amended Complaint showing Mrs. Casey had an ongoing religious accommodation until her employment was terminated. Defs.' Reply, 2. Mrs. Casey seeks leave to amend her complaint to furnish additional facts regarding her communications with CVS that caused her to reasonably believe she was being accommodated through March 31, 2022, and would not be required to perform services in violation of her religious beliefs or conscience until April 1, 2022. Exhibit A, ¶¶ 66–86.

Defendants further contend that the First Amended Complaint does not contain any allegations supporting equitable tolling. ECF No. 58, Defs.' Reply in Support of their Motion to Dismiss Counts I and II of Pl's Am. Compl., 4. Defendants argue the complaint contains

4

insufficient facts to establish that Mrs. Casey diligently pursued her remedies and reasonably believed the charges were dual filed. *Id.* at 5. But the facts of this case, if allowed to be fully plead, show otherwise. In particular, the proposed Second Amended Complaint alleges: (i) numerous times, Mrs. Casey and her counsel communicated with and inquired of the VA OCR about the status of her complaint; (ii) there was a Worksharing Agreement designating the VA OCR as an agent of the EEOC; and (iii) a VA OCR representative informed Mrs. Casey's counsel that the statute of limitations period for the Title VII claim was being tolled due to delays and backlog at the agency. Exhibit A, ¶¶ 10–23. Even Defendants realize that the communications with and actions of the VA OCR are important for determining whether equitable tolling applies. Defs.' Reply, 6.

As to Count II, Defendants argue there are no facts in Mrs. Casey's First Amended Complaint supporting a disparate treatment theory of religious discrimination under the VHRA. Defs.' Reply, 14. Defendants' motion to dismiss acknowledges that "Plaintiff has not explicitly identified which theory of religious discrimination she is pursuing" and yet asks this Court to *presume* that Mrs. Casey raises a single theory and consequently dismiss her VHRA claim. ECF No. 55, Defs'. Br. in Support of their Motion to Dismiss Counts I and II of Pl's Am. Compl, 9. The Court should allow Mrs. Casey to amend Count II to allege additional facts more specifically setting forth the disparate treatment of employees with certain religious beliefs, including Mrs. Casey, and the disparate impact resulting from CVS's conduct.

## CONCLUSION

Mrs. Casey seeks leave to amend her complaint and include additional facts and allegations that could be critical to the Court's determination of the sufficiency of her claims. This motion is timely, sought in good faith, and amendment would not be futile or cause any prejudice to

5

Defendants. Therefore, consistent with Rule 15's policy of liberally granting leave to amend, this Court should grant Mrs. Casey leave to file her Second Amended Complaint.

Respectfully submitted this 11th day of July, 2023.

By: */s/Kevin H. Theriot*
Kevin H. Theriot (VA Bar No. 38324)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (fax)
ktheriot@ADFlegal.org

Christopher P. Schandevel (VA Bar No. 84412)
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-4655
(571) 707-4656 (Fax)
cschandevel@ADFlegal.org

Denise M. Harle (GA Bar No. 176758)*
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE, D1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (fax)
dharle@ADFlegal.org

Erica Steinmiller-Perdomo (DC Bar No. 90009737)*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (fax)
esteinmiller@ADFlegal.org

*Counsel for Plaintiff*

\* *Pro hac vice* admission granted

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent an electronic notification to the attorneys of record.

/s/Kevin H. Theriot
Kevin H. Theriot
ALLIANCE DEFENDING FREEDOM

*Counsel for Plaintiff*